IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01673-BNB

CARL A. SMITH,

    Plaintiff,

v.

JOE ORTIZ, Exec. Dir. Corr., et al.,
MS. DOWIS, HSA,
PRATICIA A. MOSHURE, LPC, SOTP,
MR. DEGROOT, Case Manager, Fremont Corr. Fac., and
PAULA J. FRANTZ, MD,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff, Carl A. Smith, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated.

The Court must construe the complaint liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an amended complaint and to show cause why the

complaint should not be dismissed for failure to exhaust available administrative remedies as to each asserted claim.

Mr. Smith argues that he is in a Catch-22. He has a medical-4 rating, which prevents him from being transferred to the Arrowhead Correctional Facility to complete phase two of the Sex Offender Treatment Program (SOTP), because in order to be eligible he must have a lower medical rating. However, he also contends that he is in need of his medical-4 rating because if his medical rating is lowered, he must waive his medical need for oxygen, a cane, and a concentrator, and he will forfeit such benefits as a bottom-tier bunk restriction as well as certain work-restriction jobs, which he requires because of his medical condition. He asks to be able to keep his medical-4 rating, but also to be accepted for transfer to the Arrowhead facility so that he may complete phase two of the SOTP program, which he requires for parole eligibility. He also alleges that he is being denied prescribed medical treatment for his knees, and as a result is experiencing pain when walking. On the basis of these allegations, he contends that his due process and equal protection rights have been violated.

Mr. Smith must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. **See Butler v.**

*City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe Ortiz, DOC executive director, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not clear whether Mr. Smith has exhausted his claims through the prison grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Smith is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Smith must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Smith has failed to exhaust administrative remedies for any one

of his claims, the entire complaint must be dismissed. Mr. Smith has attached to the complaint his steps one, two, and three grievances, but only the responses to his steps one and two grievances. No response to his step-three grievance is submitted. In addition, his grievances only address his request for transfer to the Arrowhead facility, and do not address the medical treatment he contends he is not receiving for his knees. Therefore, Mr. Smith will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the prison's administrative grievance procedure as to each of his asserted claims.

Finally, Mr. Smith is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Smith should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the available administrative remedy procedure as to each of his asserted claims. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Smith, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Smith submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Smith fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01673-BNB

Carl Smith
Prisoner No. 74728
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  11/15/06

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk